IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| JAMIE CARTER and CHRIS CARTER,[1] | § |
| | § |
| | § No. 70, 2019 |
| Petitioners-Below, | § |
| Appellants, | § Court Below: Family Court |
| | § of the State of Delaware |
| v. | § |
| | § File No. CN17-04-011 |
| SUSAN CHURCHILL and DOUG ROSE, | § Petition No. 18-01245 |
| | § |
| | § |
| Respondents-Below, | § |
| Appellees. | § |

Submitted: March 7, 2019
Decided: March 28, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## ORDER

After consideration of the notice to show cause and the response, it appears to the Court that:

(1) On February 19, 2019, the appellants, Jamie Carter and Chris Carter (collectively, the "Parents"), filed a notice of appeal from a Family Court order dated and docketed January 17, 2019. Under Supreme Court Rule 6(a)(i), a timely notice of appeal should have been filed on or before February 18, 2019.

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

(2)     On February 22, 2019, the Senior Court Clerk issued a notice directing the Parents to show cause why this appeal should not be dismissed as untimely filed. In their response to the notice to show cause, the Parents attribute the untimeliness of their notice of appeal to their unfamiliarity with the legal system as *pro se* litigants.

(3)     Time is a jurisdictional requirement.[2]  A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3]  An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements.[4]  Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[5]

(4)     The Parents have not demonstrated that their failure to file a timely notice of appeal is attributable to court-related personnel.  Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.  The appeal must be dismissed.

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[3] SUPR. CT. R. 10(a).
[4] *Rogers v. Morgan*, 2019 WL 168667 (Del. Jan. 10, 2019); *Taylor v. Powell*, 2015 WL 2452916 (Del. May 20, 2015).
[5] *Rogers*, 2019 WL 168667; *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice